55 So.2d 804 (1951)
GOLDSMITH et al.
v.
ATLANTIC NAT. BANK OF WEST PALM BEACH.
Supreme Court of Florida, Division A.
December 21, 1951.
Rehearing Denied January 15, 1952.
Farish, Farish, Downey & Anderson, West Palm Beach, for appellants.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellee.
HOBSON, Justice.
This appeal is from an order granting a new trial in a suit wherein judgment was rendered for the plaintiffs. The appellants (plaintiffs below) brought suit against the Atlantic National Bank of West Palm Beach. The purpose of the suit was to recover damages for breach of the depositor-depositee relationship which resulted when the appellee, so it was alleged, wrongfully cashed raised checks of the appellants and charged such checks to appellants' account. The action resulted in a verdict for the appellants in the sum of $3,000 plus interest.
The learned Circuit Judge, Hon. Jos. S. White, who entered the order granting a new trial from which this appeal is prosecuted, stated his views with reference to the law of this case. His order reads as follows:
"This cause was heard after due notice upon defendant's motion for New Trial, and argument of counsel.
"In this case, a bank depositor seeks to recover from the bank the amount of a `raised' check charged by the bank against the depositors' account.
"Plaintiffs, co-partners, operate a retail clothing store and carried a checking account with defendant bank. They had in their employ one Sinclair, an accountant. Sinclair had access to plaintiffs' check book, and on occasions was authorized to write plaintiffs' checks in his own handwriting, leaving nothing to be filled in but the signature. Each check in the check book had printed on its face the words: `Goldsmith's. The Store for Men. 317 Clematis Avenue'. At the place for the signatures were the words: `Goldsmith Brothers', beneath which was a line for the signature.
"On April 22, 1948, Sinclair was directed to draw a check to himself in the amount of $10.10. He used a check from the check *805 book, making out the `stub' for that amount. He prepared the check in his own handwriting and wrote the figures `10.10' at the place on the check for figures, but was careful to place them far enough to the right to leave room for later inserting between the dollar mark and figures `10.10' the figure `21.' He wrote the words: `Ten and 10/100' at the place on the check for the words but was careful to place them far enough to the right to leave room for later inserting the words: `Twenty One Hundred'. The check in that form was handed to one of the partners who affixed his signature. Immediately thereafter Sinclair `raised' the check by writing the figures `21' in front of the figures `10.10', and the words `Twenty One Hundred' in front of the words `Ten and 10/100'. Thus the check appeared to have been originally drawn for $2110.10, and without any notice of the change, this amount was charged by the bank against plaintiffs' account.
"On August 4, 1948 Sinclair was directed to draw a check to himself in the amount of $60.00. He again so prepared the check that he could, after obtaining the signature of one of the partners, `raise' the check to $960.00, and this amount likewise was charged by the bank against plaintiffs' account.
"Plaintiffs rely upon the statement found in Volume 1, Paton's Digest, page 111 (1940 Ed.) to the effect that the majority rule exonerates the bank from liability in like cases. [sic]
"Since publication of that work (1940), the Supreme Court of Tennessee and the Superior Court of Pennsylvania have reviewed the decisions and point out that the depositor, by his conduct may `estop' himself from disputing the authority of the bank to pay the check. See Foutch v. Alexandria Bank & Trust Co., 1941, 177 Tenn. 348, 149 S.W.2d 76, and Weiner v. Pennsylvania Co., 1947, 160 Pa.Super. 320, 51 A.2d 385.
"It will be found that the case at bar is similar to Foutch v. Alexandria Bank & Trust Co., supra [177 Tenn. 348, 149 S.W.2d 79]. In that case the court repeated the following principle as governing such problems: `The law simply utters the suggestions of common justice and common sense, in declaring "that when one of two innocent persons must suffer from the tortious act of a third, he who gave the aggressor the means of doing the wrong must bear the consequences of the act."'
"In the instant case it was plaintiffs' employee who was the evildoer. They entrusted their firm check book, with their firm name printed upon each check, to the unfaithful employee. They permitted him to write checks in his own handwriting, using the firm checks. They signed the checks in such form as to leave room for `raising' them, in the same handwriting and without erasure or other noticeable change. Under such circumstances the case is controlled by principles recognized in Foutch v. Alexandria Bank & Trust Co., supra, and the verdict is contrary to the law.
"Thereupon, it is ordered and adjudged that the motion for new trial is granted.
"Copy furnished counsel.
"Done and ordered, this April 24, A.D. 1951."
Evidently the veteran Circuit Judge in making the statement "Plaintiffs rely upon the statement found in Volume 1, Paton's Digest, page 111 (1940 Ed.) to the effect that the majority rule exonerates the bank from liability in like cases" did not say exactly what he meant. An examination of the cited authority shows clearly that the majority rule in cases like the one at bar does not exonerate the bank from liability which is actually the position taken by appellants in the lower court, as well as on this appeal.
It is clear that the authorities are divided upon the question presented to us for adjudication. We have decided, as did the Circuit Judge, that the reasoning of those courts which hold that the bank is not liable under the circumstances presented in and by the evidence in this case is more logical and in keeping with our sense of justice. In the situation presented in the instant case it is undisputed that the appellants originally made it possible for their employee to raise the checks and there was nothing about said checks or the *806 circumstances of their presentation for payment which could possibly have placed the appellee on notice that they had been raised. It is too great a burden to place upon a bank the duty to discover that a check has been raised when the check has no indicia of such fact on its face and there are no suspicious circumstances surrounding its presentation to the bank for payment. Such determination does not square with our concept of simple justice and is not consonant with common sense and fair dealing.
We cite with approval Foutch v. Alexandria Bank & Trust Co., 177 Tenn. 348, 149 S.W.2d 76, and Weiner v. Pennsylvania Co., 160 Pa.Super. 320, 51 A.2d 385.
The order granting the new trial from which this appeal was prosecuted is hereby affirmed.
Affirmed.
SEBRING, C.J., and CHAPMAN and THOMAS, JJ., concur.