173 So.2d 164 (1965)
R. Hardy MATHESON and William J. Matheson, Appellants,
v.
Sam L. ELCOOK, as Tax Assessor of Dade County, Florida, et al., Appellees.
No. 64-662.
District Court of Appeal of Florida. Third District.
March 30, 1965.
*165 Kelly, Paige, Black & Black, Miami, for appellants.
Thomas C. Britton, County Atty., and Stuart Simon, Asst. County Atty., for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
Appellants are the owners of 67.89 acres of land on Key Biscayne admittedly worth $2,359,600.00. The appellee-County Tax Assessor valued the land at $490,510.00, and the appellant instituted the instant litigation in order to enjoin collection of taxes based on this valuation because it is appellant's contention that this property should be valued at $54,312.00 for tax purposes.
The land in question has for over forty years been operated by appellants as a coconut plantation, and the chancellor specifically found that this operation is bona fide.[1] It is readily apparent that this land is not being put to its best use,[2] nor is it even being put to its best agricultural use. The evidence pointed out that all of the coconut production for the 67.89 acres could have been accomplished on five acres of the land, and based thereon, the chancellor approved the assessor's appraisement that 59.16 acres of the 67.89 was taxable as non-agricultural property.
The appellants claim error in that they have not been afforded the statutory protection of § 193.11(3), Fla. Stat., F.S.A., which provides:
"All lands being used for agricultural purposes shall be assessed as agricultural lands upon an acreage basis, regardless of the fact that any or all of said lands are embraced in a plat of a subdivision or other real estate development. Provided, agricultural purposes shall include only lands being used in bona fide farming, pasture, grove or forestry operations by the lessee or owner, or some person in their employ. Lands which have not been used for agricultural purposes prior to the effective date of this law shall be prima facie subject to assessment on the same basis as assessed for the previous year, and any demand for a reassessment of such lands for agricultural purposes shall be subject to the severest scrutiny of the county tax assessor to the end that the lands shall be classified properly. Provided, this subsection shall not be construed, interpreted, or applied so as to permit lands being used for agricultural purposes to be assessed other than as agricultural lands and upon an acreage basis."
This statute has been upheld as a valid exercise of legislative power by the Supreme Court in Tyson v. Lanier, Fla. 1963, 156 So.2d 833. Therefore, the sole question for our consideration is whether this land is being put to a bona fide agricultural use. If the answer is yes, then the property owners are entitled to its benefit.
*166 In this case, the chancellor approved the assessor's determination that 59.16 acres could be assessed as non-agricultural in the face of the chancellor's specific finding that all of the property was bona fide being used for agricultural purposes. The basis of this determination was that appellants were not conducting their agricultural operation in a very efficient manner. The coconut plantation had been losing money for many years, and the activities carried on in the 67.89 acres could have been accomplished just as well on five or ten acres.
The appellee has striven mightily to construe the word bona fide, as used in the statute, to mean something more than good faith. We can not place a broader definition on this word than "in good faith". So long as all of this land was used in good faith for agricultural purposes, then the land had to be assessed as provided by § 193.11(3).
There is nothing in the law that requires a person to operate a business efficiently or at a profit. We would have to reach that conclusion in order to affirm the judgment appealed. Appellee has pointed out that this result could cause many situations of tax avoidance based on agricultural use of property, but we hasten to point out that before the taxpayer can take advantage of this statute he must demonstrate to the taxing authorities that his agricultural operation is bona fide, in good faith. In this case no one questions the bona fides of the appellants' agricultural operation.
The chancellor erred by not assessing all of this property as agricultural, and his decree in regard thereto is reversed. There appeared to be a conflict in the testimony as to the agricultural value of this land. Appellant claimed that the agricultural value of the land is $800.00 per acre and appellee sets the figure at $3,000.00. We remand the cause to the chancellor for an appropriate determination in regard thereto.
Reversed and remanded.
NOTES
[1] Chancellor's finding in part as stated in final decree:

"FINDS, that the real property in question has been in continuous use for over forty years as a coconut plantation and is presently being used for such in a bona fide grove operation."
[2] The expert testimony was to the effect that the best use for the property would be commercial such as hotel, motel or high-rise apartments and the valuation of $2,359,600 is based on using the property for such purposes.