182 So.2d 612 (1966)
James Allen STILES, Jr., et al., Petitioners,
v.
John BROWN, as Tax Assessor of Leon County, Florida, et al., Respondents.
No. 34617.
Supreme Court of Florida.
February 2, 1966.
*613 C. DuBose Ausley, of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for petitioners.
Leo L. Foster, J. Klein Wigginton and Seymour H. Rowland, Jr., of Parker, Foster & Madigan, Tallahassee, for respondents.
*614 ERVIN, Justice.
The decision of the District Court of Appeal in the case of Stiles v. Brown, 177 So.2d 672 (Fla.App. 1st, 1965), has been certified to us as one that passes upon a question of great public interest.
It is not necessary to restate the facts since they are fully stated in the opinion in the certified case. The gist of the District Court of Appeal's holding is: A property owner who failed to inform the county tax assessor that his land was being used for bona fide agricultural purposes and failed to appear before a board of equalization to assert such claim could not challenge in an equity suit the validity of the assessment of the land which was assessed as non-agricultural land in an amount which the landowner did not timely claim exceeded the fair market value of land but which he now claims in his suit is entitled to preferential treatment accorded agricultural lands by F.S. § 193.11(3), F.S.A.
We approve and adopt the decision below. We agree that the cases of City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115 (1925), and Matheson v. Elcook, 173 So.2d 164 (Fla.App.3rd, 1965) are applicable and taken together are adverse to the case sought to be made by Petitioners.
Our only supplementation of the District Court of Appeal opinion is in respect to the contention that the Board of Equalization had no jurisdiction at all to correct the claimed invalidity of assessment because the assessment of Petitioners' lands was illegal on its face in that the assessor failed to follow the mandatory requirements of F.S. § 193.11(3), F.S.A., in assessing Petitioners' lands as lands used for bona fide agricultural purposes.
Under F.S. § 193.25, F.S.A., the county assessor of taxes shall complete the assessment rolls of his county on or before the first Monday in July in every year, on which day such assessor shall meet with the board of county commissioners at the clerk's office for the purpose of hearing complaints and receiving testimony as to the value of any property, real or personal, as fixed by the county assessor of taxes, for perfecting, reviewing and equalizing the assessment.
Due notice must be given the taxpayers of the county tax equalization meeting, in the manner provided in said § 193.25, at which hearing taxpayers may appear and file protests against the valuation placed on their properties for purposes of taxation.
The board of county commissioners may equalize the assessment of the real estate or personal property in their respective counties, and for that purpose may raise or lower the value fixed by the county assessor of taxes on any particular piece of real estate, or item or items of personal property. F.S. Section 193.27, F.S.A.
From 3 Cooley on Taxation, 4th Ed., 2389, § 1194, we find that tax equalization, such as that provided by F.S. §§ 193.25 and 193.27, F.S.A., consists of the "* * * review of an assessment on particular property, where it is claimed that it is not taxable property, or that it has been overvalued or under-valued or that the assessment is otherwise invalid."
Equalization has been defined in Black's Law Dictionary as the "process of leveling or adjusting the assessments of individual taxpayers so that the property of one shall not be assessed at a higher, or lower, percentage of its market value than the property of another."
Tax equalization boards are agencies "* * * established to carry into effect the general rule of equality and uniformity of taxation required by constitutional or statutory provisions." (84 C.J.S. Taxation § 512, p. 979) Their main purpose is review and correction of tax assessments made by the county assessor of taxes.
The purpose of tax equalization under F.S. § 193.25, F.S.A., is the adjustment *615 of tax valuations so that the share of the taxes imposed will be justly proportioned to the value of the properties subject to taxation. Equalization under § 193.25 is designed to correct possible errors made by the tax assessor in the valuation and assessment of the taxes imposed. Through the process of equalization under said § 193.25 the taxpayer is provided with a hearing on the question of the equality of his assessment with assessments against other property owners.
Under F.S. § 192.21, F.S.A., taxing officials are permitted to correct their errors of omission and commission, the said statute providing that "* * * no act of omission or commission on the part of any tax assessor, or any assistant tax assessor, or any tax collector, or any board of county commissioners * * * shall operate to defeat the payment of said taxes * * *."
Although boards of tax equalization may not make revaluations of lands generally, or of classes of lands, they may correct apparent errors of the assessor of taxes to the end that all tax valuations of the county will be on the basis of the just valuation required by § 1, Art. IX, State Constitution, F.S.A., and F.S. § 193.021, F.S.A., where there has been filed a protest concerning any such valuation. Such boards have no power or authority to make blanket increases or decreases, but only to equalize. Armstrong v. State, 69 So.2d 319, text 321, 322 (Fla.). See also Sanders v. Crapps, 45 So.2d 484 (Fla.), and Hoffman v. Land, 55 So.2d 806 (Fla.).
In Tyson v. Lanier, 156 So.2d 833, 837 (Fla.) it was held correct to conclude "* * * that `just valuation' as provided in the Constitution was synonymous with `full cash value' as provided in the statute." F.S. Section 193.021, F.S.A., added by § 1, Ch. 63-250, provided a formula for determining the "just valuation" of real and personal property as contemplated in § 1, Art. IX, State Constitution. Under this formula tax assessors, when fixing the value of taxable properties, are required to take into consideration the several factors mentioned in said F.S. § 193.021, F.S.A., as well as F.S. § 193.11(3), F.S.A., which adds to the formula the factor of agricultural use of lands. See Lanier v. Overstreet, 175 So.2d 521 (Fla. 1965), and Markham v. Blount, 175 So.2d 526 (Fla. 1965). This formula should be followed by the boards of county commissioners when sitting as boards of tax equalization, and valuations of real and tangible personal property must be determined by application of said factors.
We conclude the Board of County Commissioners of Leon County, while sitting as a board of equalizers, had statutory power to correct the assessment of Petitioners' lands if upon due protest the Board had found the assessment to be illegal or excessive for the reasons asserted by Petitioners. The situation involved here is not unlike a hypothetical case where a county tax assessor inadvertently makes an overvaluation of a parcel of taxable real property by including nonexistent improvements. This creates an inequality of assessment between that parcel and other parcels which are assessed as unimproved lands. Petitioners' lands are alleged to be agricultural lands. Petitioners could have urged their claim before the Board, showing, if they could, their lands were overvalued and were assessed greater amounts than were other agricultural lands, creating an inequality of assessment. It lies within the power of the Board of Equalization to correct such an inequity. Moreover, the presumption is the Board of Equalization would have corrected such an overvaluation had it been brought to the Board's attention. But in this case no application for correction or protest was lodged with the Board. Consequently, the decision of the District Court of Appeal appears correct, since "* * * [t]he presumption is that the board of equalization would have corrected the valuations, if excessive, had such application been made." City of Tampa v. Palmer, *616 supra, 105 So. 115, text 121; Matheson v. Elcook, supra.
The decision of the District Court of Appeal is approved and the writ, therefore, discharged.
THORNAL, C.J., and ROBERTS, O'CONNELL and HOBSON (Ret.), JJ., concur.
THOMAS, J., concurs specially with opinion.
DREW, J., dissents with opinion.
THOMAS, Justice (concurring specially).
If the decision in Tyson v. Lanier is to be perpetuated I concur in the opinion in this case.
DREW, Justice (dissenting).
I think the complaint stated a cause of action and that it was error to dismiss it.