SPECTOR, Judge
(dissenting).
*419 I must respectfully dissent from the views of the majority opinion herein. The court’s ruling is predicated on the belief that before forest land is entitled to be classified as agricultural for ad valorem tax purposes, it must be shown that modern tree farming methods have been invoked. I know of no legal requirement that a person following agricultural pursuits must do so by the most modern and scientific methods available, such as cutting fire lanes, selective harvesting and controlled burning in the case of a forestry operation. The statutes clearly require agricultural classification of all lands used in a forestry operation. Such entitlement is not limited to a pine tree pulpwood operation where such procedures are often employed. Hardwood forests are no less forests than those lands upon which the faster growing pine tree is cultivated.
I think the legal effect of the evidence before the trial court given by witnesses who stated that it was not commercially feasible to plant trees on the parcel in question is rendered nugatory by the following language found in Matheson v. Elcook, 173 So.2d 164 (Fla.App. 1965), at page 165:
“ * * * It is readily apparent that this land is not being put to its best use, nor is it even being put to its best agricultural use. The evidence pointed out that all of the coconut production for the 67.89 acres could have been accomplished on five acres of the land, and based thereon, the chancellor approved the assessor’s appraisement that 59.16 acres of the 67.89 was taxable as non-agricultural property.”
and at page 166:
“There is nothing in the law that requires a person to operate a business efficiently or at a profit. * * * ”
In Matheson, supra, the appellate court reversed the assessor’s action as upheld by the trial court, and I am of the opinion that we should do the same here.