250 So.2d 913 (1971)
J. Pierce SMITH, As Tax Assessor for Alachua County, Florida, et al., Appellants,
v.
Alfred A. RING, Appellee.
No. N-552.
District Court of Appeal of Florida, First District.
August 3, 1971.
Chandler, O'Neal, Carlisle, Avera, Gray & Lang, Gainesville, for appellants.
James S. Wershow, Gainesville, for appellee.
WIGGINTON, Acting Chief Judge.
Defendant taxing officials of Alachua County seek appellate review of an adverse final judgment finding that the lands owned by plaintiff were used solely and primarily during the year 1969 for bona fide agricultural purposes and therefore entitled to an agricultural zoning classification for the purpose of taxation.
Appellee purchased the 80-acre parcel of land in question in 1961 and since that time has devoted it to the raising of livestock. On or before April 1, 1969, appellee made a return to the county tax assessor, an ex officio member of the county zoning board, stating that his land was being used for a bona fide agricultural purpose, namely the raising of livestock, and requested that it be zoned as agricultural for the current tax year. On July 1, 1969, the Alachua County agricultural zoning board denied appellee's request and zoned the land as nonagricultural. The equalization board of Alachua County sustained the zoning board's determination and refused to rezone it in accordance with appellee's request.
The statute under which appellee proceeded in his attempt to secure an agricultural zoning classification of his property for tax purposes is as follows:
"No lands shall be zoned as agricultural lands unless a return is made as required by law which shall state that said lands on January 1 of that year were used primarily for agricultural purposes, and the board, before so zoning said lands, may require the taxpayer or his representative to furnish the board such information as may reasonably be required to establish that said lands were actually used for a bona fide agricultural purpose. All lands which are used *914 primarily for bona fide agricultural purposes shall be zoned agricultural. * *"[1]
Appellants challenge the correctness of the trial court's judgment on the contention that appellee landowner has failed to carry the burden of proving that his land was not purchased and being held as a speculative investment or that he was utilizing it for a bona fide agricultural purpose in the raising of livestock. They support their position by reference to the recent case of Walden v. Borden Company[2] in which a summary judgment in favor of appellee Borden Company was reversed. From the record in that case the Supreme Court found the existence of a genuine issue of material facts on the question of whether the lands of Borden were being used primarily in a bona fide agricultural operation on which its claim to an agricultural zoning classification depended.
In its final judgment rendered in the case sub judice the trial court found from the evidence that prior to the tax year in question appellee had rented his land to legitimate cattlemen who ran cattle on the property and followed the acceptable agricultural practices of mowing and fertilizing the pasture. The evidence fairly establishes that the entire tract was fenced and fifty acres thereof cleared and planted to improved pasture while the remainder of the parcel consisted of unimproved pasture and woodland. The grazing lease for the tax year 1969 entered into between appellee and his tenant specifically provided that the property could be used only for agricultural purposes. During the year the pasture was actually mowed and fertilized by the lessee and was being used at its maximum capacity in the grazing of cattle in connection with a livestock raising enterprise. Based upon the foregoing findings the court held that the land was being used solely and primarily for bona fide agricultural purposes, namely the raising of livestock by the owner through his lessee; that the lands are entitled to be assessed as agricultural lands and taxed accordingly for the year in question; and that the denial of an agricultural zoning classification by appellants was arbitrary, discriminatory, and consequently invalid and illegal. Appellants were ordered to classify appellee's property as agricultural for the tax year 1969 and to use such classification as a basis for its evaluation for tax purposes.
We have reviewed the record and find therein ample evidence to sustain the trial court's findings and conclusions. The fact that the land may have been purchased and was being held as a speculative investment is of no consequence provided its actual use is for a bona fide agricultural purpose.
In the coconut case decided by the Third District Court of Appeal,[3] the taxpayers owned approximately 68 acres of land on fabulous Key Biscayne admittedly worth almost two and one-half million dollars if devoted to its highest and best use for hotels, motels, or apartments. Since coconut trees had been grown on the land in the past, the owners contended that it was being used for a bona fide agricultural purpose and entitled to an agricultural classification carrying a value for tax purposes of $54,312.00. The local taxing authorities rejected the owners' contention on the ground that the growing of coconut trees on such valuable waterfront property was not a bona fide agricultural purpose as the entire production of coconuts could have been accomplished on only five acres of the land. If there ever was a case in which the claim to the utilization of land for a bona fide agricultural purpose was an obvious sham, this is that case. The court held, however, that the fact that the coconut growing operation was not being efficiently managed and was less than profitable were matters of no consequence. The controlling factor which influenced the *915 court's determination was that the land was actually being devoted to the growing of coconut trees and production of coconuts and therefore was entitled to the agricultural zoning classification claimed by the owners.
The facts in the case sub judice are not reasonably susceptible of the conclusion that the utilization of appellee's land for the raising of livestock was not done in good faith but merely as a sham in order to create a tax shelter. There being competent and substantial evidence in the record to support the trial court's findings, we shall not be tempted to commit the cardinal sin of retrying the case on the evidence in an attempt to come up with findings of fact contrary to those reached by the court in whom this judicial function is exclusively vested.[4] The judgment appealed is affirmed.
RAWLS, J., and GOODFRIEND, SAM, Associate Judge, concur.
NOTES
[1] F.S. § 193.461(3), F.S.A.
[2] Walden v. Borden Company (Fla. 1970), 235 So.2d 300.
[3] Matheson v. Elcook (Fla.App. 1965), 173 So.2d 164.
[4] Old Equity Life Insurance Company v. Levenson (Fla.App. 1965), 177 So.2d 51.