PIERCE, Chief Judge.
The defendants in the lower Court, constituting the Agricultural Zoning Board of Lee County, Florida, appeal an adverse final judgment entered by the Lee County Circuit Court holding that certain property owned by appellees here, the Wetstones, was entitled to an agricultural zoning classification for the year 1970. The lower Court enjoined the Board from enforcing its zoning resolution and required it to zone appellees’ land as agricultural for the year 1970.
On July 17, 1970, Norden Wetstone and Marshall Wetstone, without waiting for a hearing before the County Adjustment Board or the tax assessment, immediately instituted this proceeding in the lower Court against the Board to declare null *484 and void the Board’s resolution zoning their lands in question non-agricultural, to enjoin the Board from enforcing the resolution, and to require it to zone appellees’ lands as agricultural for the year 1970.
The complaint alleged, among other things, that the lands were being leased for the pasturing of cattle, and that the owners made timely application to the Board for an agricultural classification, but that the Board adopted a resolution zoning their lands as non-agricultural for the year 1970.
The Board filed motion to dismiss the complaint on the ground that the Wetstones had not exhausted their administrative remedies. The lower Court denied the motion.
The Chancellor entered final judgment, finding inter alia that the Board had not established by evidence that the Wetstones purchased the land for merely speculative purposes; that since 1962 the Wetstones had used their land for bona fide agricultural purposes, including at various times, crop farming, flower farming and cattle pasture; that beginning in December, 1969, and continuing to the time of trial the Wetstones had used their land primarily for the bona fide agricultural purpose of cattle pasture pursuant to a written lease, with a portion of the land being incidentally used for the raising of crops before being fenced as additional pasture; that in 1968 and 1969 the land was zoned agricultural; and that the evidence clearly showed that the land was agricultural in character and that other lands in the area had been classified as agricultural.
The Board first contends here that the Wetstones failed to exhaust their administrative remedies in that they did not appear before the county tax adjustment board before seeking judicial relief.
Chapter 57-195, General Acts of 1957 (carried forward as § 193.11(3), F.S. and later transferred to § 193.071(3) F.S.1969), directed the tax assessor to assess agricultural lands upon an acreage basis “regardless of the fact that any or all of said lands are embraced in a plat of a subdivision or other real estate development.” Chapter 59-226, General Acts of 1959 (carried forward as § 193.201 F.S.), authorized the board of county commissioners of any county in the state, in its discretion, to zone areas in the county exclusively used for agricultural purposes as agricultural lands. Chapter 67-117, General Acts of 1967, amended § 193.201 F.S. (carried forward as F.S. § 193.461 F.S.A.). It provided for the mandatory zoning of lands as agricultural or nonagricultural by an agricultural zoning board — composed of the board of county commissioners, as voting members, and the county tax assessor and county agent sitting as nonvoting ex officio members. Chapter 67-593, General Acts of 1967, withdrew from the local county tax assessor the right to make this determination alone by “suspending” the operation of § 193.11(3) F.S. so long as said Chapter 67-117 remained in effect. See Walden v. Borden Company, Fla.1970, 235 So.2d 300.
We have found no Florida cases involving the method of reviewing decisions of the county agricultural zoning boards since the 1967 amendments. While the precise question was not involved in St. Joe Paper Company v. Mickler, Fla.App.1970, 241 So.2d 415 (decision quashed by the Supreme Court and remanded with directions to enter a judgment extending “agricultural zoning” to the land involved, 252 So.2d 225) it appears that the landowner directly attacked the determination of the county agricultural Zoning Board of St. Johns County in an action brought in the Circuit Court for declaratory and injunctive relief against the local Zoning Board. Also, in Lichtman v. Dade County Commission, Circuit Court, Dade County, 1970, the property owner directly challenged the determination of the Board in Circuit Court, 33 Fla.Supp. 125.
In Jeffreys v. Tax Assessor, Circuit Court, Duval County, 1968, 30 Fla.Supp. 60, 64 (affirmed in Jeffreys v. Simpson, *485 Fla.App.1969, 222 So.2d 224), the trial Court said:
“The landowner’s remedy from a denial of a petition to the hoard of county commissioners for agricultural zoning would be judicial as in any other zoning matter.”
See also the opinion of.the Attorney General, 068-109 dated December 20, 1968, relative to reviewing decisions of the agricultural Zoning Board.
We hold that the determination of the county agricultural Zoning Board may be directly attacked in the Circuit Court where the property is located, and that an action for declaratory and injunc-tive relief is an appropriate manner of reviewing the decision of said Board. The lower Court was correct in denying appellants’ motion to dismiss appellees’ complaint.
Appellants next challenge the lower Court’s judgment contending that the Wet-stones failed to prove that their lands were being used primarily for a bona fide agricultural purpose and not being held as a speculative investment. They rely chiefly on Borden, supra.
The facts in Borden are distinguishable from those in the case sub judice. The Supreme Court found in Borden that there was a genuine issue of fact as to whether or not the property was entitled to the agricultural classification. The Court held that the legislature did not intend to give preferential tax treatment to land obviously purchased for use in connection with phosphate operations and still being used for that purpose, even though it also accommodates an incidental use for agricultural purposes.
The contention by appellants that the primary use of the lands is for speculative purposes is of no consequence if its actual use is for a bona fide agricultural purpose. Lanier v. Overstreet, Fla.1965, 175 So.2d 521; Matheson v. Elcook, Fla.App.1965, 173 So.2d 164; Smith v. Ring, Fla.App.1971, 250 So.2d 913; McKinney v. Hunt, Fla.App.1971, 251 So.2d 6; St. Joe Paper Company v. Mickler, Fla.1971, 252 So.2d 225; Conrad v. Sapp, Fla.1971, 252 So.2d 225; cf. Greenwood v. Oates, Fla.1971, 251 So.2d 665.
We have reviewed the record and find ample evidence to sustain the lower Court’s findings.
The judgment appealed is therefore—
Affirmed.
LILES and McNULTY, JJ., concur.