WIGGINTON, Judge.
The taxing and zoning officials of Alachua County, who were defendants in the trial court, have appealed a final judgr ment which holds that the parcel of land involved in this case owned by plaintiff-appellee was entitled to an agricultural classification for tax assessment purposes during the year 1969 and directs that it be so classified and taxed for the year in question.
The sole issue before the trial court in this case was whether the land owned by appellee was being actually used for a bona fide agricultural purpose during the tax year 1969 within the purview of F.S. Section 193.461, F.S.A. The trial court found from the evidence adduced before it that during the critical year in question, and for some years prior thereto, appellee had engaged in a bona fide forestry operation on the land, thereby entitling it to an agricultural classification for tax assessment purposes. We find competent and *238 substantial evidence in the record to support the trial court’s findings and conclusion.
Appellants’ sole contention is that the land involved herein was purchased by ap-pellee and a group of investors for the primary purpose of holding it for future real estate development and not for any bona fide agricultural purpose. Appellants argue that appellee’s use of the land for grazing cattle and growing timber is purely incidental to the primary purpose of land speculation and therefore does not constitute a bona fide agricultural purpose. Such a contention was rejected by this court in the case of Smith v. Ring[1] in which we held that the fact that the land may have been purchased and was being held as a speculative investment is of no consequence provided its actual use is for a bona fide agricultural purpose. The holding of this court was reaffirmed by the Supreme Court in Greenwood v. Oates [2] in which it said:
“However, once a ‘forestry operation’ has been established we expect that it would be a rare situation where the claim for agricultural assessment would not be ‘bona fide’. For example, it is foreseeable that a party, acting in good faith, could invest in unimproved land, knowing its potential as a merchantable timber operation, utilize it as such, and yet anticipate increases in land values as well as deductions afforded on income tax schedules through depreciation and expenditures. The concern of the property owner with these incidental objectives would not disqualify his land for consideration as a bona fide forestry operation.”
To the same effect is the Supreme Court’s later decision in Conrad v. Sapp.[3]
In reliance upon the foregoing authorities we conclude and so hold that the evidence in the record before us reasonably supports the trial court’s findings and conclusion which accord with established principles of law. The judgment appealed is therefore affirmed.
SPECTOR, C. J., and RAWLS, J., concur.

. Smith v. Ring, (Fla.App.1971) 250 So.2d 913.

. Greenwood v. Oates, (Fla.1971) 251 So.2d 665, 667.

.Conrad v. Sapp, (Fla.1971) 252 So.2d 225.