268 So.2d 407 (1972)
Ford HAUSMAN, As Tax Assessor of Orange County, Florida, and Earl K. Wood, As Tax Collector of Orange County, Florida, Appellants,
v.
Henry A. RUDKIN, Jr., Paul Pickett, et al., Appellees.
No. 71-624.
District Court of Appeal of Florida, Fourth District.
August 8, 1972.
*408 John H. Ward, of Ward, Bradford & Oswald, Orlando, for appellants.
Donald L. Gattis, Jr., of Maguire, Voorhis & Wells, Orlando for appellees Henry Rudkin, William Rudkin, Helen McNeil and James Gillies, Jr.
REED, Chief Judge.
The issue presented by this appeal is whether or not the Circuit Court of Orange County, Florida, erred in entering a declaratory judgment on 14 June 1971 the effect of which was to require the Orange County Agricultural Zoning Board to zone a tract of plaintiffs' real property as agricultural land for purposes of Orange County ad valorem real property taxes for the year 1970.
The plaintiffs filed a complaint against the members of the Agricultural Zoning Board for Orange County, Florida, on 4 December 1970. The complaint alleged that the Board refused to zone as agricultural land under the terms of Sec. 193.461, F.S. 1969, F.S.A., a tract owned by the plaintiffs in Orange County, Florida, and devoted to agricultural use. The relief sought was a delaratory judgment as to the status of the land. The trial court after a final hearing found, "... that the property of Plaintiffs made the subject of this action was actually used for a bonafide agricultural purpose and therefore was entitled to an agricultural zoning classification ... ." and granted appropriate relief. The members of the Agricultural Zoning Board have taken the present appeal.
No conflict appears as to the evidence, and the parties have stipulated that the plaintiffs exhausted their administrative remedies before seeking judicial relief. The plaintiffs purchased an 800 acre tract of Orange County land from Horace Prescott in 1966. Mr. Prescott had owned the land since 1943 or 1944. Since 1944 he had used the land for raising cattle. His herd consisted of between 100 to 160 cows and calves together with some bulls and horses. Three hundred fifteen acres of the tract were improved pasture and 335 acres were unimproved pasture. The balance of the land was swamp. Periodically Mr. Prescott had fertilized and limed the improved pasture and cut hay from 45 to 50 acres of the land. He mowed the grass as required. The entire property was fenced with a perimeter fence and contained some interior fences. Mr. Prescott's livestock operation had been carried on for purposes of profit and had in fact yielded some profit, although the amount is not specified in the record. After the sale of *409 the land in 1966 to the plaintiffs, Mr. Prescott remained on the land under a written lease and continued his livestock operation in the same manner as before the sale. During the year in question  1970  Mr. Prescott's activities on the land were the only significant activities thereon. The term of the lease endures so long as any money is owed on the purchase money mortgage from the plaintiffs to Mr. Prescott, although the lease is subject to cancellation on ninety days notice in the event the property is sold.
The plaintiffs purchased the property for $975.00 per acre. Subsequent to that time the property was available for resale. The plaintiffs purchased the property for the purpose of making a gain on resale. In other words, the property was bought as a speculative venture. The plaintiffs gave an option in 1968 to a prospective purchaser for $2,400 per acre, but the option was never exercised. At the time of the trial the land was being offered for $4,000 per acre.
The appellants argue that the plaintiffs' "use" of the land is not for agricultural purposes, but for the realization of a gain on resale and, therefore, such "use" disqualifies the land for agricultural zoning under the terms of Section 193.461, F.S. 1969, F.S.A. The critical provisions of this statute are as follows:[*]
* * * * * *
"(2) The county agricultural zoning board, in order to promote and assist a more orderly growth and expansion of urban and metropolitan areas, shall on an annual basis zone all lands within the county as either agricultural or nonagricultural.
"(3) * * * All lands which are used primarily for bona fide agricultural purposes shall be zoned agricultural. The maintenance of a dwelling on part of the land used for agricultural purposes shall not affect the right to have such lands zoned as agricultural lands."
* * * * * *
As we interpret the statute, the intent of the title holder and his desire for capital gain are immaterial to the application of agricultural zoning. The favorable tax treatment provided by the statute is predicated on land use, that is, physical activity conducted on the land. Smith v. Ring, Fla.App. 1971, 250 So.2d 913; Smith v. Parrish, Fla.App. 1972, 262 So.2d 237. Under the terms of the statute, as we understand them, if the land is physically used for agricultural purposes, it must be accorded agricultural zoning, provided the use is "primarily for bona fide agricultural purposes." (Emphasis added.) The term "primarily" simply signifies that the agricultural use must be the most significant activity on the land where the land supports diverse activities. See Walden v. Borden Company, Fla. 1970, 235 So.2d 300. The terms "bona fide" as used in the statute impose the requirement that the agricultural use be real, actual, of a genuine nature  as opposed to a sham or deception. See Sapp v. Conrad, Fla.App. 1970, 240 So.2d 884, 889 (dissent) and Smith v. Ring, supra.
In the present case the appellants concede that the use being made of the land by the tenant is an agricultural use as the same is defined by Section 193.461(5), F.S. 1969, F.S.A. Our review of the record convinces us that there is competent substantial evidence that such agricultural use is both primary and bona fide, as we understand the meaning of those terms as they appear in the statute. Having found competent substantial evidence to support the factual conclusions necessarily made by the trial court and having discerned *410 no error as a matter of law, we must affirm the final judgment. Greenwood v. Oates, Fla. 1971, 251 So.2d 665, 669.
Affirmed.
MAGER, J., and CARLTON, CHARLES T., Associate Judge, concur.
NOTES
[*] This statute governs the issue in the case because it applied to assessments for the year 1970. During the 1972 legislative session, the statute was substantially modified by Ch. 72-181, Laws of 1972, which became effective July 1, 1972, and applies to ad valorem assessments and taxes levied after December 31, 1972.