BOARDMAN, Judge.
The action involves two separate parcels of realty situated in Lake County. The first parcel, parcel A, is owned jointly by all of the appellants. The second parcel, parcel B, is owned only by appellants Robert L. and Elizabeth T. Chapman. Both parcels are located on U. S. Highway 27, approximately one mile north of its intersection with U. S. Highway 192. Each parcel has approximately 3500 feet of frontage along U. S. Highway 27.
Appellants have displayed several “for sale” signs containing the word “commercial” on both parcels. Both parcels for many years have been used for citrus production and, prior to 1971, had been zoned agricultural for tax purposes.
Appellants’ applications for agricultural zoning for the tax year 1971 were denied by the Zoning Board upon the recommendation of the tax assessor on that portion lying within 200 feet of the right of way and extending the entire 3500 feet of frontage along U. S. Highway 27. The Board of Tax Adjustment of Lake County affirmed the Zoning Board’s decision. Appellants subsequently took action in the Circuit Court, Fifth Circuit, of Lake County, seeking injunctive relief and restoration of the agricultural classification. Upon proper hearing, the court entered its order stating in pertinent part:
“. . . both Parcel A and Parcel B were no longer being used for agricul *666 tural purposes on January 1, 1971, due to the existence of ‘For Sale’ signs on the property together with the fact that a one acre portion of Parcel A had been leased and a one acre parcel formerly part of Parcel B had been sold prior to January 1, 1971.”
Appellants filed a timely appeal seeking a reversal of the trial court’s order denying restoration of agricultural zoning to their property.
The sole issue for determination by this court is whether a property owner may continue to be entitled to the protection of agricultural zoning when -he places or causes to be placed “for sale” signs on the property offering to sell the land for commercial purposes while the property is, at the same time, actually being used for bona fide agricultural purposes. After careful consideration of the record, the briefs of the parties, oral argument of counsel, and applicable case law, we hold in the affirmative. To hold otherwise, in the light of the facts before us, would be tantamount to ruling on the basis of speculation and conjecture, or, upon a circumstance that may not occur in the foreseeable future.
In paragraph 8 of the final order of the trial judge, the court held:
“That on January 1, 1971, and for a decade prior thereto, both Parcel A and Parcel B have been devoted to bona fide citrus production . . . . ” (emphasis supplied).
As was stated in Matheson v. Elcook, Fla.App.1965, 173 So.2d 164:
“ . . . the sole question for our consideration is whether this land is being put to a bona fide agricultural use. If the answer is yes, then the property owners are entitled to its benefit.” (text 165, emphasis supplied).
In view of this material finding of fact by the trial court, in our judgment, the appellants’ property, being utilized in a bona fide agricultural capacity, should be entitled to the benefits of agricultural zoning. Section 193.461(3), Florida Statutes, F.S.A.:
“. . . All lands which are used primarily for bona fide agricultural purposes shall be zoned agricultural. . . .”
Appellee cites for our consideration and attention from Lanier v. Overstreet, Fla.1965, 175 So.2d 521, for the proposition, by way of dicta, that lands should lose their agricultural zoning classification by the owner thereof placing the said lands on the market for sale. In the cited case we point out that the supreme court stated:
“. . . This question is not, however, presented here and is not decided.”
Our research reveals that there is abundant recent case law to support appellants’ contention in this appeal. We, therefore, reverse the trial court’s order on the basis of Section 193.461(3), supra, and the opinion of this court in Schooley v. Wetstone, Fla.App.1972, 258 So.2d 483, and the cases cited therein. As was stated in Chief Judge Pierce’s well-reasoned opinion in Schooley, supra:
“[3] The contention by appellants that the primary use of the lands is for speculative purposes is of no consequence if its actiial use is for a bona fide agricultural purpose. Lanier v. Overstreet, Fla.1965, 175 So.2d 521; Matheson v. Elcook, Fla.App.1965, 173 So.2d 164; Smith v. Ring, Fla.App.1971, 250 So.2d 913; McKinney v. Hunt, Fla.App.1971, 251 So.2d 6; St. Joe Paper Company v. Mickler, Fla.1971, 252 So.2d 225; Conrad v. Sapp, Fla.1971, 252 So.2d 225; cf. Greenwood v. Oates, Fla.1971, 251 So.2d 665.”
We, therefore, respectfully reverse the order of the trial court and remand the case for such appropriate proceedings as the *667 trial court deems necessary to restore the agricultural zoning classification to the property involved.
Reversed and - remanded.
MANN, C. J., and LILES, J., concur.