298 So.2d 191 (1974)
FIRSTAMERICA DEVELOPMENT CORPORATION, Appellant,
v.
COUNTY OF VOLUSIA, a Political Subdivision of the State of Florida and Fred O. Dickinson, Jr., As Comptroller of the State of Florida, Appellees.
No. T-271.
District Court of Appeal of Florida, First District.
July 30, 1974.
Rehearing Denied August 19, 1974.
*192 John F. Hughes, Jr., and C.A. Vincent, of Kinsey, Vincent & Pyle, Daytona Beach, for appellant.
William M. Barr, of Raymond, Wilson, Karl, Conway & Barr, Daytona Beach, for appellees.
BOYER, Judge.
We have for review a final judgment entered by the trial judge following a trial before the court without a jury, jury trial having been specifically waived by stipulation of the parties.
The plaintiff below, appellant here, is the owner of a large tract of land in Volusia County. Plaintiff urged below, and now here, that for the calendar year 1968 its said property should have been classified and assessed as agricultural lands pursuant to Florida Statute 193.201. The trial court found and ruled contra, resulting in this appeal.
All parties agree that if the subject land was being used on the first day of the year in question primarily for bona fide agricultural purposes then it qualified for agricultural classification for tax assessment purposes. Therefore, whether the subject property was used primarily for bona fide agricultural purposes was a matter of fact to be determined by the trial judge, based upon the evidence adduced before him. (Walden v. Borden Company, Sup.Ct.Fla. 1970, 235 So.2d 300)
The trial judge entered a lengthy and well reasoned final judgment reciting his findings and conclusions. Among other things, he specifically found and recited that the testimony of some of appellant's crucial witnesses was successfully impeached. When a trial judge sits as a trier of the facts and has an opportunity to observe the witnesses, their demeanor, candor or lack of it, he is entitled to, indeed he must, determine whether the testimony of such witnesses is worthy of belief. Such a determination, in the absence of proof of bias or prejudice (which has not even been suggested in the case sub judice) will not be disturbed on appeal.
In the final judgment here appealed the trial judge recited that he recognized that an agricultural use does not necessarily have to be efficient or economically sound in order to qualify the land for agricultural classification. However, he found that the land involved in the case sub judice was acquired by the plaintiff for the primary purpose of subdividing it and marketing it as lots in a land installment sales promotion; that although plaintiff made an agricultural use of the land during the calendar year 1968 such was not the primary use but rather a "clearly incidental" use; and that therefore the subject land did not qualify for agricultural classification.
Our reading of the record reveals that the evidence was conflicting and that there was ample credible evidence adduced at the trial to sustain the trial judge's findings. Under such circumstances we are not permitted to substitute our opinion for the findings of the able trial judge. (See Roberts v. Southern Farm Bureau Casualty Ins. Co., Fla.App. (1st) 1968, 215 So.2d 59; Parker v. State, Fla.App. (1st) 1974, 295 So.2d 312; Merritt v. Williams, Fla.App. (1st) 1974, 295 So.2d 310; and Exchange Bank of St. Augustine v. The Florida Nat. Bank, Sup.Ct.Fla. 1974, 292 So.2d 361.)
In view of the findings of the trial judge, the cases relied upon by appellant *193 (Smith v. Ring, Fla.App. (1st) 1971, 250 So.2d 913; Matheson v. Elcook, Fla.App. (3rd) 1965, 173 So.2d 164; McKinney v. Hunt, Fla.App. (1st) 1971, 251 So.2d 6; Hausman v. Rudkin, Fla.App. (4th) 1972, 268 So.2d 407; Sapp v. Conrad, Fla.App. (1st) 1970, 240 So.2d 884; Smith v. Parrish, Fla.App. (1st) 1972, 262 So.2d 237 and Stiles v. Brown, Fla.App. (1st) 1965, 177 So.2d 672) are not controlling.
Appellant having failed to demonstrate error, the final judgment from whence this appeal emanated is
Affirmed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.