PER CURIAM.
Appellants seek reversal of an adverse declaratory judgment holding that certain real estate was not entitled to be assessed as agricultural land, under § 193.11(3) Fla.Stat, F.S.A., for the tax year 1967.
On June 1, 1965, the appellants leased a 320 acre tract to John W. Campbell for a term of three years. The lease provided that the land was to be used by the lessee for agricultural purposes. In prior years the land had not been so used.
In 1967 the appellants, as owners of the property, filed timely return of the 320 acres as being used for agricultural purposes under a lease, listing the name of the lessee. On June 12, 1967, the owners were informed by letter from the tax assessor’s office that a “field check” (made by an assistant assessor on February 16, 1967) indicated that the north half (160 acres) of the leased tract “was not being farmed,” and that it was being assessed at $1,400 an acre, and that the south 160 acres were being assessed as agricultural lands at $340 per acre. The assessment was so made. Objection by the owners through administrative channels was rejected, and on November 2, 1967, they filed this suit against Dade County, the county commissioners, tax assessor, tax. collector, county manager and state comptroller, seeking relief against the assessment on the ground that the entire 320 acre tract should have been assessed as agricultural lands under the statute.
The record reveals that the lessee Campbell farms between six and seven thousand acres on lands to which the property involved in this case is adjacent. The farming on said lands is principally concerned with the raising of tomatoes, which customarily are planted near the end of a calendar year and harvested sometime after the commencement of the succeeding calendar year.
The plaintiffs’ allegations of use of the land in question for agricultural purposes in 1967 were denied by answer of the defendants. Following trial of the cause before the court, the judgment referred to above was entered.
The evidence disclosed that the lessee began to work the 320 acres from the south to the north of the tract; that prior to the beginning of the year 1967 the south half was prepared for planting and in the latter part of 1966 was planted in tomatoes; that in August of 1966 clearing was begun on the north half, was interrupted by rains for some months and was resumed in December of 1967, and - continued through succeeding months in 1967, consisting of scarifying, plowing with a bulldozer, discing and installing an access rock road.
As pointed out in the judgment entered by the trial court, the pertinent statute provides that lands which have not been used for agricultural purposes “shall be prima facie subject to assessment on the same basis as assessed for the previous year, and any demand for reassessment of such lands for agricultural purposes shall be subject to the severest scrutiny of the county tax assessor to the end that the lands shall be classified properly.” Even in face of that *424 provision of the statute, the appellants argue with some force that the above described preparatory work on the land should have caused it to be classified as used for agricultural purposes. However, on viewing the record as a whole, we observe no sufficient ground to disturb the judgment of the trial court. The significance of the work shown to have been done on the north 160 acres, as indicating use of the land in 1967 for agricultural purposes, was materially lessened if not eliminated by the testimony of Mr. Campbell that he had not intended to farm the north 160 acres in 1967, and would not have planted crops thereon if the preparation of the land had been completed so as to permit it during that year.
Accordingly, we conclude that the judgment of the trial court, which comes here with the presumption of correctness, is supported by competent substantial evidence, and it hereby is affirmed.
Affirmed.