PER CURIAM.
The appellant a taxpayer, sought an exemption from the normal rate of assessment on his real property, pursuant to the provisions of F.S.1967, § 193.201, F.S.A., known as the “green belt law”, subsequent to April 1st of the taxing year. Without the taxpayer notifying the County officials by proper return that he desired to receive the benefits of the statute, the property was assessed on the tax rolls of the County in accordance with the applicable principles of assessment, and no contention was made in the trial court that as assessed there was any error in the valuation placed thereon. It was the taxpayer’s position in the trial court and in this court that it was entitled to the benefits of the exemption statute, notwithstanding its admitted failure to file the return of agricultural use by April 1st of the taxing year. The trial court entered a summary judgment denying any relief to the taxpayer. We affirm.
The taxpayer sought an exception from the full valuation assessment, which is accorded to those engaged in bona fide agricultural purposes, pursuant to F. S.1967, § 193.201, F.S.A. The burden was on the taxpayer to show entitlement to the special exception exemption [Harper v. England, 124 Fla. 296, 168 So. 403, Green v. Pederson, Fla.1957, 99 So.2d 292; Benevolent and Protective Order of Elks of the United States of America, Miami Lodge No. 948 v. Dade County, Fla.App.1964, 166 So.2d 605; Stiles v. Brown, Fla.App.1965, 177 So.2d 672; 31 Fla.Jur., Taxation, § 144; 23 F.L.P., Taxtion, § 115], Requiring a return containing a notice of intention to claim lands as agricultural in order to claim benefits of Fla.Stat.1967, § 193.201, F.S.A. by April 1st of each year, per Fla.Stat.1967, § 193.12, F.S.A., is not an unreasonable construction of the statutes. And, we hold that in order for a taxpayer to receive a benefit different in kind from other taxpayers it is necessary for him to strictly comply with all conditions which would be necessary to entitle him to the special treatment.
Therefore, the summary judgment here under review be and the same is hereby affirmed.
Affirmed.