## WITHERS, et al v. DADE COUNTY, et al.
### No. 72-10955.
Circuit Court, Dade County.

February 1, 1973.

Helliwell, Melrose & DeWolf, Miami, for the plaintiffs.

Stuart Simon, County Attorney, and R. A. Cuevas, Jr., Assistant County Attorney, for the defendants.

SAM I. SILVER, Circuit Judge.

*Final judgment:* This action seeks review by certiorari of a decision by the board of county commissioners of Dade County (sitting as the agricultural zoning board) to classify plaintiffs' property as non-agricultural for 1972 ad valorem tax purposes.

Plaintiffs timely applied for agricultural zoning on their property. A hearing on plaintiffs' application was held before the agricultural zoning board, at which the application was denied. Plaintiffs timely filed the instant petition for certiorari to review the board's decision. A certified transcript of the board's proceedings and briefs were filed. On January 5, 1973, the court heard final argument.

§193.461, Florida Statutes 1971, grants preferential treatment to land zoned agricultural for ad valorem tax purposes. A taxpayer seeking the special exception exemption accorded land zoned agricultural has the burden of showing his entitlement thereto. Jar Corp. v. Culbertson, 257 So.2d 144 (3rd D.C.A., Fla. 1971). The agricultural zoning board is an administrative board. One who asserts the affirmative of an issue before an administrative board has the burden of proof. State Department of Agriculture & Consumer Services v. Strickland, 262 So.2d 893 (1st D.C.A., Fla., 1972). Accordingly, plaintiffs had a twofold burden of demonstrating to the agricultural zoning board that their land was entitled to be classified as agricultural under §193.461.

Whether a particular tract of land is to be classified as agricultural for tax assessment purposes is a question of fact. Conrad v. Sapp, 252 So.2d 225 (Fla. 1971). Plaintiffs are seeking review by certiorari of the board's decision on this factual issue. This court's review is confined solely to the record of proceedings conducted by the board, to determine whether the board had substantial competent evidence before it to support its decision while conforming to the essential requirements of law. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957).

At the hearing before the board on the subject property, the sole evidence presented by plaintiffs was an affidavit of their lessee. The affidavit stated that the lessee is a farmer and that the property was leased for the purpose of raising field crops thereon. It further stated that as of January 1, 1972, no crops were growing on the land and that it had not yet been cultivated or planted. There was no evidence presented that the property had a prior history of agricultural use or that it was physically used for agricultural purposes as of the first of the year. The assessor stated no agriculture was found on the property and presented an aerial photograph thereof.

§193.461(3) requires "actual use" of the property for a "bona fide agricultural purpose". The favorable tax treatment accorded by this statute is predicated on land use, i.e., physical activity conducted on the land. Hausman v. Rudkin, 268 So.2d 407 (4th D.C.A., Fla. 1972). At the very minimum, there must be some

preparatory work (clearing or planting or cultivation) done on the land. See Conrad v. Sapp, supra; and Mackle v. Metropolitan Dade County, 220 So.2d 422 (3rd D.C.A., Fla. 1969).

The court has reviewed the record and finds that the agricultural zoning board had substantial competent evidence before it on which to base its decision not to classify plaintiffs' land as agricultural and that the board's decision accords with the essential requirements of law. For the foregoing reasons it is ordered and adjudged — (1) That the petition for writ of certiorari is denied. (2) That the agricultural zoning board's decision to classify plaintiffs' property non-agricultural for 1972 ad valorem tax purposes and the 1972 assessment based thereon are not disturbed. (3) That plaintiffs' complaint is dismissed with prejudice. (4) That defendants shall recover costs, to be determined at a later date, from the plaintiffs.