290 So.2d 573 (1974)
Wayne WITHERS et al., Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 73-267.
District Court of Appeal of Florida, Third District.
March 5, 1974.
*574 Helliwell, Melrose & DeWolf, and William E. Sadowski, Miami, for appellants.
Stuart L. Simon, County Atty., and R.A. Cuevas, Jr., Asst. County Atty., for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellants, who are landowners, by certiorari in the circuit court sought review of a decision by the Agricultural Zoning Board of Dade County denying the landowners' request to reclassify their property as agricultural for ad valorem tax purposes. The circuit judge denied certiorari and this appeal is from that decision.
The circuit judge has set out the facts as follows:
* * * * * *
"Plaintiffs timely applied for agricultural zoning on their property. A hearing on plaintiffs' application was held before the Agricultural Zoning Board, at which the application was denied. Plaintiffs timely filed the instant petition for certiorari to review the Board's decision. A certified transcript of the Board's proceedings and briefs were filed. On January 5, 1973, the Court heard final argument.
"Section 193.461 F.S. (1971), F.S.A., grants preferential treatment to land zoned agricultural for ad valorem tax purposes. A taxpayer seeking the special exception exemption accorded land zoned agricultural has the burden of showing his entitlement thereto. Jar Corp. v. Culbertson, 246 So.2d 144 (3rd D.C.A., Fla. 1971). The Agricultural Zoning Board is an administrative board. One who asserts the affirmative of an issue before an administrative board has the burden of proof. State Department of Agriculture & Consumer Services v. Strickland, 262 So.2d 893 (1st D.C.A., Fla., 1972). Accordingly, plaintiffs had a twofold burden of demonstrating to the Agricultural Zoning Board that their land was entitled to be classified as agricultural under Section 193.461.
"Whether a particular tract of land is to be classified as agricultural for tax assessment *575 purposes is a question of fact. Conrad v. Sapp, 252 So.2d 225 (Fla. 1971). Plaintiffs are seeking review by certiorari of the Board's decision on this factual issue. This Court's review is confined solely to the record of proceedings conducted by the Board, to determine whether the Board had substantial competent evidence before it to support its decision while conforming to the essential requirements of law. DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957).
"At the hearing before the Board on the subject property, the sole evidence presented by plaintiffs was an affidavit of their lessee. The affidavit stated that the lessee is a farmer and that the property was leased for the purpose of raising field crops thereon. It further stated that as of January 1, 1972, no crops were growing on the land and that it had not yet been cultivated or planted. There was no evidence presented that the property had a prior history of agricultural use or that it was physically used for agricultural purposes as of the first of the year. The assessor stated no agriculture was found on the property and presented an aerial photograph thereof."
The circuit judge found as follows:
"Section 193.461(3) F.S. (1971), F.S.A., requires `actual use' of the property for a `bona fide agricultural purpose'. The favorable tax treatment accorded by this statute is predicated on land use, i.e., physical activity conducted on the land. Hausman v. Rudkin, 268 So.2d 407 (4th D.C.A., Fla. 1972). At the very minimum, there must be some preparatory work (clearing or planting or cultivation) done on the land. See Conrad v. Sapp, 252 So.2d 225 (Fla. 1971); Mackle v. Metropolitan Dade County, 220 So.2d 422 (3rd D.C.A., Fla. 1969)."
* * * * * *
We concur and adopt the circuit judge's opinion relying especially upon authority of the opinion of the Supreme Court of Florida in Greenwood v. Oates, Fla. 1971, 251 So.2d 665, where the Supreme Court quashed a decision of the District Court of Appeal holding that the land should be assessed as agricultural. In its opinion, the Supreme Court relied on several grounds, one of which was the trial court's finding that the taxpayer had conducted no physical activity on the land or agricultural purpose since he had developed it.
Affirmed.