PER CURIAM.
Appellants/defendants appeal from an “order on motion for summary judgment” rendered in favor of appellee/plaintiff in an action which (1) challenged the 1976 ad valorem tax assessment on certain real and personal property owned by appellee and located in Dade County, Florida and (2) sought injunctive relief therefrom. Said order denied appellants’ motion to dismiss the complaint and motion for summary judgment. We reverse.
Succinctly stated, appellee sought a charitable exemption upon its property for the year 1976. It failed, however, to file its annual application for exemption from taxation on or before March 1, 1976, pursuant to Section 196.011(1), Florida Statutes (1975). Said section provides as follows:
“196.011. Annual application required for exemption.
“(1) Every person or organization who has the legal title to real or personal property which is entitled by law to exemption from taxation as a result of its ownership and use shall, before March 1 of each year, file an application for exemption with the county [property appraiser], listing and describing the property for which exemption is claimed and certifying its ownership and use. The Department of Revenue shall prescribe the forms upon- which the application is made. Failure to make application, when required, by March 1 of any year shall constitute a waiver of the exemption privilege for that year. However, application for exemption will not be required on public roads rights-of-way and borrow pits owned, leased, or held for exclusive governmental use and benefit or on property owned and used exclusively by a municipality for municipal or public purposes in order for such property to be released from all ad valorem taxation. The owner of property that received an exemption in the prior year may reapply on a short from as provided by the department.”
Section 196.011(4) provides an alternate means of acquiring tax exempt status without the filing of an application for exemption. Said section provides that:
*798 “(4) When any property has been determined to be fully exempt from taxation because of its exclusive use for religious, literary, scientific, or charitable purposes and the application for its exemption has met the criteria of s. 196.195, the [property appraiser] may accept, in lieu of the annual application for exemption, a statement certified under oath that there has been no change in the ownership and use of the property.”
The record, however, is uncontroverted, that the property appraiser never received any certified statement in lieu of an application for exemption.
Accordingly, appellee having both failed to file its annual application, for exemption in a timely manner or alternatively, to submit a certified statement to the property appraiser in lieu of an annual application, it is our opinion that appellee has waived its tax exempt status for the year 1976. See Horne v. Markham, 288 So.2d 196 (Fla. 1973) and Jar Corporation v. Culbertson, 246 So.2d 144 (Fla.3d DCA 1971).
As no genuine issues of material fact remain and it affirmatively appearing that appellants are entitled to summary judgment as a matter of law, the order appealed from is reversed and the cause remanded with directions to enter-judgment in favor of appellants.
Reversed and remanded with directions.