RYDER, Judge.
W. R. Daniel, Jr., property appraiser of Hillsborough County, appeals a summary judgment reversing the denial of agricultural classification for land owned by appel-lee Andrew A. Lynn for the tax year 1977. We reverse, reinstating the denial of agricultural classification.
Appellee filed his original complaint challenging the denial of agricultural classification for 1976, alleging compliance with stat *53 utory prerequisites and exhaustion of administrative remedies. Appellee amended the complaint with leave of court to challenge the 1977 assessment, alleging only that there was no change in status of the property since the original complaint. Appellant affirmatively defended by alleging that appellee failed to apply for agricultural assessment for 1977, and appellee admitted that he did not file an agricultural exemption application with the property appraiser for the tax year 1977. On motion, the trial court entered a summary judgment granting appellee agricultural status for the tax year 1977, finding that failure to apply for the exemption was not a waiver of the right to seek agricultural status.
We hold that compliance with section 193.461(8)(a), Florida Statutes (1976 Supp.) (now section 193.052(2), Florida Statutes (1979)), is a prerequisite to obtaining agricultural assessment for the year in question. Doyle v. Askew, 341 So.2d 845 (Fla. 1st DCA 1977); Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977); Jar Corporation v. Culbertson, 246 So.2d 144 (Fla. 4th DCA 1971). Thus, appellee’s failure to timely apply for agricultural classification for the tax year 1977 by filing a return by March 1 of that year waived agricultural classification for 1977.
We find nothing inconsistent with this holding in Fisher v. Schooley, 371 So.2d 496 (Fla. 2d DCA 1979). While the parties in Fisher stipulated that the resolution of entitlement to agricultural assessment for 1974 would be binding for the tax years 1975 and 1976, there was no suggestion that timely returns claiming agricultural classification were not filed by the appellants therein for all the tax years in question. The issue presented below of timely application was not at all present in the Fisher case.
The judgment below is REVERSED and the case REMANDED for proceedings consistent with this opinion.
HOBSON, Acting C. J. and OTT, J., concur.