# IN RE: PETITION OF VIC POTAMKIN CHEVROLET, INC.

Folio Nos.30-2013-01-0011 and 30-2013-01-0050

Property Appraisal Board, Dade County

February 7, 1984

## APPEARANCES OF COUNSEL

**Jeffrey Marks** for petitioner.

**Jacques Victor**, Office of the Property Appraiser.

## OPINION

MALCOLM B. WISEHEART, JR., Special Master.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS

This matter came on to be heard before Malcolm B. Wiseheart, Jr., as Special Master for the Property Appraisal Adjustment Board, upon the Petition for Review of Denial of Exemption filed by Petitioner, Vic Potamkin Chevrolet, Inc., and it appearing that the said Petitioner seeks a determination by the Property Appraisal Adjustment Board, that the Petitioner is entitled to agricultural classification with respect to the above referenced property, and the undersigned having heard testimony and argument of counsel, it appears that the underlying facts are as follows:

## FINDINGS OF FACT

1. Petitioner failed to file an application for agricultural classification on or before March 1, 1983.

2. The Property Appraiser has not granted agricultural classification to the subject parcels and bases his failure to so classify the properties upon the Petitioner's failure to file a timely application.

## CONCLUSIONS OF LAW

Based upon both parties' oral presentations and upon the useful written follow-up memorandum submitted by the Petitioner dated September 1, 1983, it appears that both parties are well aware of Florida Statutes Section 193.461(4)(a)(3), provides as follows:

F.S. Section 193.461(3)(a). No land shall be classified as agricultural lands unless a return is filed on or before March 1 of each year

. . . . . . . . . . .

. . . . . . . . . .

Failure to make timely application by March 1 shall constitute a waiver for 1 year of the privilege herein granted for agricultural assessment.

The Appellate Courts have consistently held that compliance with Florida Statutes Section 193.461(3)(a) is a prerequisite for obtaining agricultural classification for the year in question and that failure to file a timely application results in a waiver. *Daniel v. Lynn*, 393 So.2d 52 (2d DCA 1981); *Doyle v. Askew*, 341 So.2d 845 (1st DCA 1977); *Blake v. R.M.S. Holding Corp.*, 341 So.2d 795 (3rd DCA 2977); and *Jar Corporation v. Culbertson*, 246 So.2d 144 (4th DCA 1971).

The Petitioner, while admitting its failure to file a timely application for agricultural classification and acknowledging the existence of Florida Statutes Section 193.461(3)(a) quoted above, has argued that it still may be permitted to be heard on the merits of its Petition, at least with the Board's active intervention. The Petitioner has directed our attention to that part of Florida Statutes Section 193.461(2) which provides as follows:

Any land owner whose land is denied agricultural classification by the Property Appraiser may appeal to the Property Appraisal Adjustment Board

. . . . . . . . . . .

. . . . . . . . . .

*The Board may also review all lands classified by the Property Appraiser upon its own motion.* (Emphasis applied).

It is upon the underlined language above that the Petitioner pins its hopes of avoiding the apparent statutory consequences of failure to file a timely application as set out in Florida Statutes Section 193.461(3)(a). The Petitioner argues that the underlined portion of Florida Statutes Section 193.461(2) should be construed in such fashion as to empower the Board, at least on its own motion, to reach the merits of this case, notwithstanding the Petitioner's failure to file a timely application. In support of this proposed construction of Florida Statutes Section 193.461(2), the Petitioner argues that taxing statutes are to be construed strongly in favor of the taxpayer and against the government and that all ambiguities and doubts are to be resolved in favor of the taxpayer, citing *Lee v. Wood*, 170 So.2d 433 (Fla. 1936).

The Petitioner's argument is creative, imaginative, and, at first blush, appears to have merit; however, there are a number of difficulties. First, all of the references to "classification" which appear in Florida Statutes Section 193.461(2) prior to the language relied upon by the Petitioner contemplate "agricultural classification" rather than "non-agricultural classification" and, therefore, it is probable that the reference to "all lands classified by the Property Appraiser" which appears in the statutory language relied upon by the Petitioner similarly refers only to lands which have been classified agricultural by the Property Appraiser. This construction would place Florida Statutes Section 193.461(2) in line with the parallel language which appears in Florida Statutes Section 196.194 which states more explicitly that the Property Appraisal Adjustment Board "may review exemptions on its own motion or upon motion of the Property Appraiser". This construction also harmonizes Florida Statutes Section 193.461(2) with Florida Statutes Section 193.461(3)(2); but it defeats the Petitioner's argument inasmuch as the lands in this case were not classified agricultural by the Property Appraiser but, they were, instead, classified non-agricultural.

Secondly, while it is true that there is some authority for the general proposition that the taxing statutes are to be construed in favor of the taxpayer and against the taxing entity, the rule is different with respect to agricultural classifications as well as the entitlement to any other special exemptions from full valuation assessment. The rule in those cases is that the taxpayer has the burden to show entitlement. *Jar Corporation v. Culbertson*, 246 So.2d 144 (3rd DCA 1971), cert. den. 249 So.2d 690 (Fla. 1971), and *Withers v. Metropolitan Dade County*, 290 So.2d 573 (3rd DcA 1974).

Thirdly, and most importantly, even assuming arguendo that the Board has legal authority to intervene in this case, the Petitioner has

216

simply failed to present any compelling reasons why the Board should exercise such initiative on behalf of the Petitioner in this case. The Petitioner has failed to present any facts which would tend to establish an estoppel against the Property Appraiser from claiming that the taxpayer had waived its entitlement to agricultural classification for the current year by its failure to file; the Petitioner has not shown that it had been misled as to the filing date by personnel of the Property Appraiser's office nor any other matter which would indicate that the Property Appraiser was in any way responsible for the Petitioner's failure to file a timely application. See *Blake v. R.M.S. Holding Corp.*, 341 So.2d 795 (3rd DCA 1977).

It is one thing to argue, as the Petitioner has done ably, that the Board may have legal authority to intervene in a given case on its own motion, even where the taxpayer failed to file a timely application; it is quite another to provide compelling justifications why such extraordinary discretion, if it exists, should be exercised in favor of one taxpayer and not on behalf of all of the taxpayers who are similarly situated in that they simply failed to file their applications for agricultural classification on time.

## RECOMMENDATIONS

Based on the foregoing Findings of Fact and Conclusions of Law, the undersigned Special Master recommends to the full Property Appraisal Adjustment Board the following final disposition of this case:

1. That the Petitions filed by Petitioner, Vic Potamkin Chevrolet, Inc., for agricultural classification with respect to real estate folios 30-2013-01-0011 and 30-2013-01-0050 and assigned, respectively, agenda numbers 5139 and 5140, be denied.

2. That the failure of the Property Appraiser to classify the above referenced real estate as agricultural be upheld and sustained for the year 1983.