## IN RE: MIAMI CHRISTIAN SCHOOL, INC., etc.

### Agenda No. 3138, Folio No. 30-4006-01-2320-0, etc.

Property Appraisal Adjustment Board, Dade County, Florida

March 31, 1985

### APPEARANCES OF COUNSEL

**Frank Freeman, Rick G. Ciravolo,** and **Joseph B. Merlin,** for petitioners.

**James Kracht,** Assistant County Attorney, for respondent.

### OPINION OF THE COURT

MALCOLM B. WISEHEART, JR., Special Master.

### SPECIAL MASTER'S FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS TO PROPERTY APPRAISAL ADJUSTMENT BOARD

THESE CAUSES came on to be heard before me on November 15, 1984, upon the respective Petitioners' Petitions for Review of Denial of Exemption, and at the request of the Petitioners, and without objection from the Property Appraiser, these cases were consolidated for the purpose of the hearing. The undersigned finds the salient facts relating to these cases to be as follows:

## FINDINGS OF FACT

1. All of the Petitioners filed timely applications for exemption from Ad Valorem property taxes as "educational institutions."

2. All parties have agreed that the subject parcels are either owned by "educational institutions" or that the facilities located upon same are operated by "educational institutions".

3. All of the Petitioners have been granted total exemption from Ad Valoren taxation in the past on the basis of the educational exemption.

4. The schools operated on the subject parcels are attended by both children over the age of five (5) years and by children who are under the age of five (5) years, including, in some cases, children as young as two (2) years old.

5. The Property Appraiser of Dade County, Florida, has denied all of the Petitioners' Applications for Tax Exemption in part and by differing percentages. In each case, the Property Appraiser has denied the tax exemption by a fixed percentage which was obtained by dividing the number of children less than five (5) years of age at each school by the total enrollment of students at each school; otherwise, the Property Appraiser has granted the exemption sought. (Example: Where the Property Appraiser determined that a subject school had a total enrollment of 100 students of which ten (10) were younger than five (5) years of age, the Property Appraiser denied the exemption to the extent of ten (10%) percent (10 divided by 100) but granted the exemption to the extent of ninety (90%) percent (90 divided by 100).

6. Each of the affected Petitioners filed timely applications for Review of Denial of Exemption with the Property Appraisal Adjustment Board of Dade County, Florida.

7. Dr. Frederic W. Has of Miami Christian School testified that the prevalent professional literature supports the notion that "any subject" can be taught to "any child" at "any age".

8. Dr. Mark Merfin, a former school superintendent and elementary school teacher, appeared as an independent expert witness. He testified that he was familiar with all of the schools in question and that none of the schools is a "babysitting" facility or a "playschool". Testimony was also received from Mr. Laurence Cohen, Director of Riviera Day School, and Dr. Joseph Petersell of the Heritage School, who gave further information concerning the method of accreditation and the qualifications of the teaching staff of their respective schools.

9. The Property Appraiser presented no testimony or evidence in contradiction to any of the foregoing contentions and, accordingly, the

172

undersigned finds that each of the schools provide with respect to all of its enrolled children, including those younger than five (5) years of age, an organized curriculum with defined educational goals and regularly scheduled classes to achieve such goals.

## CONCLUSIONS OF LAW

The particular posture of these cases presents a specific, common legal issue to be determined; namely, may otherwise qualified schools be denied educational Ad Valorem tax exemption because, and to the extent that, such schools have admitted pupils less than five (5) years of age. The Property Appraiser of Dade County maintains that the denial of the educational exemption is appropriate in such cases and in support of his contention argues that the public school system does not admit or integrate into its educational programs children younger than five (5) years of age. The basic argument presented by the Property Appraiser is that educational, charitable, and eleomosynary institutions are afforded Ad Valorem tax exemption because, and to the extent that, such institutions relieve the State of the financial burden of government by their activities. Since there are no public schools for children who are less than five (5) years of age, the Property Appraiser reasons, private educational institutions do not relieve the burden of government to the extent that they admit and integrate children of such tender years into their programs. In short, the closing of the doors of all privately sponsored pre-kindergarten schools in Dade County, Florida, according to the Property Appraiser, would not cast any burden which the State is now willing or legally obligated to bear; therefore, the Property Appraiser concludes, private nursery schools are not entitled to Ad Valorem tax exemption.

The Petitioners, on the other hand, claim that they are entitled to the exemption afforded "educational institutions", whether or not the public sector chooses to provide educational programs for children who are younger than kindergarten age. They stress that, as a factual matter, children who are younger than five (5) years old can learn and do benefit from the special organized curriculum which their institutions provide.

The logical starting point for a discussion of the relative merits of the competing positions is an examination of the relevant portions of the Florida Constitution and the Florida Statutes relating to education in the context of ad valorem taxation. Article 7, Section 3, of the Florida Constitution provides simply that "[s]uch portions of property as are predominantly education, literary, scientific, religious or charitable may be exempted by general law from taxation". Florida Constitu-

173

tion, Article 7, Section 3. Florida Statutes Section 196.198 provides that "[e]ducational institutions within this State and their property used exclusively for educational purposes shall be exempt from taxation". Florida Statutes Section 196.012(4) provides as follows:

"Educational institutions" means State, parochial, Church and private schools, colleges and universities conducting regular classes and courses of study required for eligibility to certification by accreditation to, or membership in the State Department of Education of Florida, Southern Association of Colleges and Secondary Schools, or the Florida Council of Independent Schools."

There is simply no provision in the Florida Constitution or in the relevant statutes which excludes wholly, or in part, from the definition of "educational institutions" those schools which admit or integrate into their systems children who are younger than five (5) years of age. Nor is there any Department of Revenue Regulation or any Court decision known to the undersigned which would justify the engrafting onto the statutory language any such limiting proviso. Indeed, the Florida Supreme Court has noted that the Legislature has not specifically defined the terms "educational purpose" for the purpose of ad valorem tax exemption and that, in the absence of such legislative limitation, that term must be broadly interpreted. Thus, in *Lummus v. Florida Adirondack School*, 168 So. 232 (Fla. 1934), the Florida Supreme Court stated as follows:

"The Legislature having the authority to define and limit those educational purposes and having failed to do so, we must assume that it was the legislative intent that the exemption should apply to the property held and used exclusively for *any* educational purpose."

The editors of American Jurisprudence maintain that the word "education" in the context of Ad Valorem tax exemption is a broad and comprehensive term:

" 'Education' taken in its full sense, is a broad, comprehensive term, and may be particularly directed to mental, moral, or physical faculties, but in its broadest and best sense embraces them all, and includes not merely instruction received at school, college, or university, but the whole course of training—moral, intellectual, and physical."

Finally, it should be noted that there is no opinion of the Attorney General nor any written opinion of the County Attorney of Dade County, Florida, which would support the Property Appraiser's view. Indeed, the language of Dade County Attorney's Opinion Number 69-85, entitled "Tax Exempt Status of Private Schools," contains language

174

suggesting that "privately owned and operated nursery schools and kindergartens" may qualify for ad valorem tax exemption.

The undersigned is mindful of the general principle that determinations made by the Property Appraiser come to the Property Appraisal Adjustment Board with the presumption of correctness. *Markham v. Kaufman*, 284 So.2d 416 (Fla. 4th DCA 1973); *Homer v. Dadeland Shopping Center, Inc.*, 229 So.2d 834 (Fla. 1969); and *Jar Corporation v. Culbertson*, 246 So.2d 144 (Fla. 3d DCA 1971). However, in light of the fact that the affected Petitioners have previously received educational exemptions *in toto* in the past and in the absence of any statute, Department of Revenue regulation, Court decision, or opinion of either the Attorney General or the County Attorney which would support the Property Appraiser's action in this instance, the undersigned concludes that the Property Appraiser in this instance has simply exceeded his authority in denying the exemptions of the affected schools simply because they have attempted to admit and to integrate into their systems children who are less than five (5) years of age. If the notion of "education" is to be redefined at this late date in such fashion as to exclude the learning programs for children of certain age groups, same should be done by the constitutional lawmakers and not the County Property Appraiser. The undersigned specifically concludes that inasmuch as the affected Petitioners provide (1) an organized curriculum with defined educational goals; (2) regularly scheduled classes; and (3) activities amounting to more than mere custodial care, all of the affected Petitioners are entitled to the full educational ad valorem tax exemption, notwithstanding the fact that they may have admitted and integrated into their educational systems children who are less than five (5) years of age.

Nothing, incidentally, in these Conclusions of Law, nor in the Recommendations which follow, is intended to suggest that all nursery schools or child care facilities are necessarily entitled to exemption from ad valorem taxation. Child care facilities which employ persons having no particular educational qualifications and which provide mere custodial care ("baby sitting" services) clearly would not qualify for any exemption—educational or otherwise. The Petitioners in the above styled proceedings, however, have demonstrated by clear and convincing evidence that they fall into an entirely different category—namely, "educational institutions." As such, they are entitled to the full exemption provided by law.

## RECOMMENDATIONS

Based on the foregoing Findings of Fact and Conclusions of Law,

the undersigned recommends to the full Property Appraisal Adjustment Board as follows:

1. That the Property Appraiser of Dade County, Florida be upheld in each of the foregoing cases to the extent that the said Property Appraiser has granted the educational exemption from ad valorem taxation.

2. That the Property Appraiser of Dade County, Florida be reversed in each of the foregoing cases to the extent that the said Property Appraiser has denied any of the educational exemption sought.

3. That all of the Petitions filed by the affected Petitioners be granted, that the educational exemptions sought be granted in full, and that for the purpose of the 1984 tax roll that the amount of the exemptions be finally established in the same amount as the total assessments and that the amount of the non-exempt portion in each case be finally established at zero (0).

4. That the Petitioners, as prevailing parties, be refunded the amount of their costs in filing their Petitions.