# BYSTROM, etc. v MOSES, et al.

## Case No. 82-19533 CA 16

Eleventh Judicial Circuit, Dade County

March 12, 1987

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** County Attorney, and **James K. Kracht,** Assistant County Attorney, for plaintiffs.

**Ronald E. Dobelstein** for defendant/taxpayers.

### OPINION OF THE COURT

EDWARD N. MOORE, Circuit Judge.

THIS CAUSE came on to be heard upon Plaintiff's renewed motion for final summary judgment by the Plaintiff Franklin Bystrom, as Dade County Property Appraiser. The motion, together with all supporting affidavits, documentary evidence, and the entire record in this cause having been examined, argument of counsel having been heard, rele-

vant statutory and case law having been considered, and the Court being otherwise fully advised in the premises, the Court finds as follows:

1. For the tax year 1981 the Dade County Property Appraiser assessed the property which is the subject of this action, and which is described by Folio No. 30-7809-00-0230, as non-agricultural, on the basis that no agricultural exemption renewal application was filed.

2. Defendant/taxpayers (Defendants) contested their 1981 non-agricultural assessment on their property by filing a petition with the Dade County Property Appraisal Adjustment Board.

3. Subsequent to a hearing on said petition before Dennis Russ, a special master for the Property Appraisal Adjustment Board, the Board adopted the recommendation of its Master, and granted an agricultural classification to the subject property and reduced the Property Appraiser's preliminary assessments from $365,760.00 to $54,175.00.

4. Pursuant to § 194.032(6)(a)(1) and (2), Fla. Stat. (1981), the Property Appraiser initiated this action in order to reinstate his preliminary non-agricultural assessment on the subject property in the total amount of $365,760.00.

5. The burden of proof was on the Property Appraiser to establish that his preliminary assessment was made in substantial compliance with law. *Bystrom v. Equitable Life Assurance Society of the United States*, 416 So.2d 1133 (Fla. 3d DCA 1982), *review den.*, 429 So.2d 5 (Fla. 1983); *Blake v. Oceancoast Corp.*, 417 So.2d 1002 (Fla. 3d DCA 1982); and *Muss v. Blake*, 416 So.2d 2 (Fla. 3d DCA 1982).

6. Section 193.461(3)(a), Fla. Stat., provides:

"No land shall be classified as agricultural lands unless a return is filed on or before March 1 of each year. . . . Failure to make timely application by March 1 shall constitute a waiver for 1 year of the privilege herein granted for agricultural assessment."

As held in *Blake v. R.M.S. Holding Corp.*, 341 So.2d 795 (Fla. 3d DCA 1977):

"The statute required that it [an application for agricultural classification] be filed with the assessor by April 1st. To be so filed a document or paper must be delivered to and received in the office of the assessor." [citations omitted]

7. The Court hereby finds that the Defendant taxpayers never filed with the Dade County Property Appraiser any application for agricul-

tural classification on the subject property for the tax year 1981. Absent receipt of such application on or before March 1, 1981 the Property Appraiser correctly classified the subject property as non-agricultural. *Jar Corporation v. Culbertson*, 246 So.2d 144 (Fla. 3d DCA 1971); *Blake v. R.M.S. Holding Corp.*, 341 So.2d 795 (Fla. 3d DCA 1977); *Doyle v. Askew*, 341 So.2d 845 (Fla. 1st DCA 1977); *Blake v. Miami Jewish Home and Hospital for the Aged, Inc.*, 361 So.2d 797 (Fla. 3d DCA 1978); and *Daniel v. Lynn*, 393 So.2d 52 (Fla. 1st DCA 1981).

8. While the Defendant mailed its 1981 renewal application to the Plaintiff, creating a rebuttable presumption that the Plaintiff received this application, the record herein demonstrates and this Court hereby finds that the Plaintiff has rebutted that presumption in accordance with the mandate of the Third District Court of Appeal in *Bystrom v. Moses*, 489 So.2d 834 (Fla. 3d DCA 1986), the Plaintiff did not receive or file any 1981 renewal application for the subject property. As the evidence reflects, the Plaintiff's records have been searched and said records contain no renewal application. According to normal practice and procedure, upon receiving a renewal application, receipts have been automatically issued and the Plaintiff's records still contain the un-mailed preprinted receipt for the 1981 renewal application.

Based upon the foregoing findings and conclusions, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Renewed Motion for Summary Judgment be and the same is hereby granted.

2. THE Plaintiff's preliminary non-agricultural assessment on the subject property be and the same is hereby reinstated and the Property Appraiser is directed without further order of this Court to certify the preliminary non-agricultural 1981 assessment to the Dade County Tax Collector for collection as follows:

Folio No. 30-7809-00-0230 Value $365,760

3. The Dade County Tax Collector is authorized and directed without further order of this Court to issue a revised tax bill based upon said certification reflecting appropriate credits for the amount previously paid by the Defendants on the agricultural assessment for the remaining balance due of $5,210.64. If unpaid by February 27, 1987, such taxes shall be deemed delinquent and become collectable as all other delinquent taxes without further order of this Court.

**51**

4. The parties hereby waive the 20-day summary judgment notice requirement.

5. Each party shall bear its own costs.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 12th day of March 1987.