NORTHCUTT, Judge.
Rob Turner, the Hillsborough County Property Appraiser, contends the circuit court should not have directed him to award an agricultural classification to real‘property owned by Charles Lusk, as trustee, for 1998 ad valorem tax purposes. We reverse because Lusk failed to properly apply for the classification.
Although the property at issue had been classified as agricultural in previous years, in 1998 Lusk failed to apply for the classification by the statutory March 1 deadline. Under section 193.461(3)(a), Florida Statutes (1997), failure to make a timely application constitutes a waiver for one year of the “privilege” of having the property classified as agricultural. Daniel v. Lynn, 393 So.2d 52, 53 (Fla. 2d DCA 1981); Doyle v. Askew, 341 So.2d 845 (Fla. 1st DCA 1977). Even so, an applicant who misses the deadline might still achieve the classification by following a procedure set forth in the statute, the unartful wording of which is at the heart of this controversy:
However, an applicant who is qualified to receive an agricultural classification who fails to file an application by March 1 may file an application .for the classification and may file, pursuant to s. 194.011(3), a petition with the value adjustment board requesting that the classification be granted. The petition may be filed at any time during the taxable year on or before the 25th day following the mailing of the notice by the property *260 appraiser as provided in s. 194.011(1).[1]
Then:
Upon reviewing the petition, if the person is qualified to receive the classification and demonstrates particular extenuating circumstances judged by the property appraiser or the value adjustment board to warrant granting the classification, the property appraiser or the value adjustment board may grant the classification.
§ 193.461(3)(a).
On September 15, 1998, the twenty-fifth day following the mailing of the TRIM notice, Lusk’s agent filed a form petition with the value adjustment board. The agent checked the box indicating that the petition sought review and adjustment of the assessed value of the property. The form also contained a box designated “Appeal of late filing application of Agricultural Classification for extenuating circumstances pursuant to 193.461(3)(a), Florida Statutes (F.S.).” This box was not checked. Although Lusk’s petition mentioned that the property had lost its agricultural classification, it neither challenged the property appraiser’s failure to so classify it, nor alleged any extenuating circumstances to excuse Lusk’s failure to apply for the classification by March 1. Subsequently, on October 7, 1998, Lusk’s agent submitted to the property appraiser a completed application for agricultural classification of the property, accompanied by a letter explaining why no application had been filed by the March 1 deadline. In essence, the letter described an internal mix-up in the office of Lusk’s agent, owing in part to a failed sale of the property. The letter also mentioned the property appraiser’s failure to send short form renewal applications to agricultural property owners, as he had done in previous years. More will be said of this later in this opinion.
The value adjustment board denied Lusk’s petition, and the property appraiser rejected the October application as untimely. Lusk then sued in circuit court seeking to have the property classified as agricultural. Both sides moved for summary judgment. The circuit court denied the property appraiser’s motion and granted Lusk’s. It entered final judgment for Lusk, directing the property appraiser to reclassify the property as agricultural for the 1998 tax year.
This case hinges on the meaning of language in section 193.461(3)(a) which provides that an applicant who failed to apply for agricultural classification by the March 1 deadline “may file an application for the classification and may file ... a petition with the value adjustment board requesting that the classification be granted.” Lusk contends this passage permits the applicant to file a late application with the property appraiser or a petition with the value adjustment board or both. Thus, he argues, the property appraiser was duty-bound to consider his October 1998 application in light of the extenuating circumstances described in the transmittal letter regardless of the pendency or merit vel non of his petition to the value adjustment board.
The property appraiser argues to the contrary. He maintains that under the statute an applicant must file both a late application and a timely petition to the value adjustment board setting forth the extenuating circumstances on which the applicant relies as. justification for granting the untimely application.
As mentioned, the quoted language is artless to a degree that neither party’s interpretation satisfactorily explains it. *261 However, the ambiguity is resolved three sentences further along in the statute: “Upon reviewing the petition, if the person is qualified to receive the classification and demonstrates particular extenuating circumstances judged by the property appraiser or the value adjustment board to warrant granting the classification, the property appraiser or the value adjustment board may grant the classification.” § 193.461(3)(a) (emphasis added). Thus, the statute authorizes the property appraiser or the value adjustment board to grant the classification only “upon reviewing the petition” and determining that the particular extenuating circumstances warrant doing so. It follows, then, that a tardy applicant may not obtain an agricultural classification solely on the basis of an untimely application to the property appraiser. Rather, he must also file a timely petition to the value adjustment board setting forth extenuating circumstances sufficient to convince the board or the property appraiser that granting the classification is justified.
Lusk also maintains, as he did below, that the property appraiser violated the law by requiring all of Hillsborough County’s agricultural property owners to file long form applications to renew the classifications in 1998. The property appraiser made this decision well in advance of the March 1 application deadline. He sent letters to the property owners informing them of this requirement and advising that he would not send them short form renewal applications as he had done in years past.
Lusk points to the following language in section 193.461(3)(a): “The owner of land that was classified agricultural in the previous year and whose ownership or use has not changed may reapply on a short form as provided by the department.” He contends that, because his property received an agricultural classification in 1997, he was entitled to reapply on a short form and that the property appraiser was statutorily obliged to send him the form prior to March 1.
We reject the latter contention. The statute provides that the property owner may apply on a short form “as provided by the department.” This language, too, is somewhat murky. But even assuming, without deciding, that the statute mandates that a form be “provided” by physically delivering it to the property owner (as opposed to merely devising a form for the owner’s use), it is not the property appraiser who is required to provide it. Under section 192.001, Florida Statutes (1997), which sets forth definitions applicable to the imposition of ad valorem taxes, “department” means the Florida Department of Revenue.
Finally, on the question whether Lusk was entitled to apply on a short form whatever its source, the statute provides that the property appraiser “may require the taxpayer or the taxpayer’s representative to furnish the property appraiser such information as may reasonably be required to establish that such lands were actually used for a bona fide agricultural purpose.” § 193.461(3)(a). The property appraiser contends this language permitted him to instruct the property owners to apply for their agricultural classification renewals on long forms in 1998, notwithstanding that they otherwise might have been entitled to apply on short forms.
We need not resolve this issue. The circuit court did not grant Lusk relief on this ground. Moreover, having failed to file a timely application of any sort, Lusk could not prevail under this theory in any event.
*262 We reverse the judgment for Lusk and remand with directions to enter judgment for the property appraiser.
WHATLEY and CASANUEVA, JJ„ Concur.

. This is commonly referred to as a "TRIM notice.”